# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TASHA NICOLE JOHNSON, | CIVIL ACTION 3:15-cv-00351 |
| PLAINTIFF, | |
| V. | COMPLAINT |
| ACCOUNT RECOVERY SERVICES, INC., A WISCONSIN CORPORATION | JURY TRIAL DEMANDED |
| DEFENDANT. | |

## COMPLAINT FOR RELIEF PURSUANT
## TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, TASHA NICOLE JOHNSON ("Plaintiff"), by and through her attorneys, Law Offices of Mueller & Haller, L.L.C. and Sulaiman Law Group, Ltd., complaining of the Defendant, Account Recovery Services, Inc., a Wisconsin Corporation ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages stemming from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Southern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Southern District of Illinois.

## PARTIES

4. Plaintiff, Tasha Nicole Johnson, is a natural person residing in the State of Illinois, County of Saint Clair and is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

5. At all times relevant to the action, Defendant, Account Recovery Services, Inc., was a corporation incorporated under the laws of the State of Wisconsin with its principal place of business located in Milwaukee, Wisconsin. Defendant's registered agent is Illinois Corporation C, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6. Defendant is in the business of collecting debts in the state of Illinois.

7. Defendant is a "debt collector" as defined by §1692 a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

8. On or about September 30, 2013, Plaintiff had a medical expense incurred at Arch Advanced Pain Management ("subject debt").

9. Plaintiff made payments on this account, but unfortunately, the financial situation for Plaintiff was such that she needed to file for bankruptcy relief under Title 11 of the United States Code.

10. On September 29, 2014, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, Case Number 14-31630-lkg, invoking the

protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

11. On October 2, 2014, the Bankruptcy Noticing Center ("BNC") sent a Notice of Chapter 7 Case to all creditors, including Defendant. *See* attached Exhibit B, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the Notice of Chapter 7 Case upon Defendant.

12. Plaintiff attended the Meeting of Creditors on November 7, 2014.

13. A representative of Defendant did not attend the Meeting of Creditors.

14. On information and belief, Defendant was hired by Arch Advanced Pain Management at some point after the Plaintiff filed for Bankruptcy relief and prior to December 10, 2014 to collect on the subject debt.

15. On December 10, 2014, Defendant mailed a dunning letter to Plaintiff in reference to the Arch Advanced Pain Management account demanding payment in the amount of $45.50. *See* attached Exhibit C, a true and correct copy of the dunning letter sent by Defendant.

16. The dunning letter sent by Defendant requests a dollar amount different from the amount listed on a statement from Arch Advanced Pain Management which was sent just three weeks earlier. *Id.* and *See* attached Exhibit D, a true and correct copy of the invoice sent by Arch Advanced Pain Management.

17. The dunning letter charges a $10.50 fee with no legal or contractual right to charge such fee.

18. The dunning letter demands payment on a bill that was included in Plaintiff's bankruptcy and was protected by the Automatic Stay pursuant to 11 USC 362.

19. On February 11, 2015, Plaintiff received a discharge in her bankruptcy case, invoking the protections of the discharge injunction pursuant to 11 U.S.C. §524. *See* Exhibit E, a true and correct copy of Plaintiff's Order of Discharge.

20. Defendant's collection efforts occurred with actual knowledge of the Plaintiff's bankruptcy filing and within one year of the date of this complaint.

21. Furthermore, Defendant sent the dunning letter to Plaintiff with actual knowledge that Plaintiff was represented by counsel as demonstrated by the fact that Defendant addressed the dunning letter to Plaintiff's counsel.

22. The dunning letter was not only a brazen violation of the FDCPA, but also a violation of the Automatic Stay pursuant to 11 U.S.C. §362.

23. The dunning letter was highly confusing and upsetting to Plaintiff.

24. Plaintiff has suffered significant emotional distress and mental anguish as a result of the dunning letter as Plaintiff was led to believe his bankruptcy filing was futile and had no legal effect.

25. Plaintiff has expended time consulting with his attorneys as a result of the deceptive collection actions of Defendant.

26. Concerned about the violations of her rights and protections afforded by virtue of filing his Chapter 7 bankruptcy case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendant violated 15 U.S.C. §§1692 c(a)(2), e(2), e(5), e(10), and f(1) through its debt collection efforts on the subject debt.

29. Defendant violated §1692 c(a)(2), by sending the dunning letter when it knew that Plaintiff was represented by counsel as the identity and contact information of Plaintiff's bankruptcy counsel was expressly stated in the Notice of Chapter 7 served upon Arch Advanced Pain Management.

30. Defendant violated §1692e(2) by falsely representing that the subject debt was owed at the time the dunning letter was sent when it was not by virtue of the Automatic Stay.

31. Defendant violated §1692e(5) by sending the dunning letter to Plaintiff as it had no legal right to attempt to collect the subject debt by virtue of the Automatic Stay.

32. Defendant violated §1692e(10) by engaging in deceptive conduct as the subject debt was not owed at the time the dunning letter was sent to Plaintiff.

33. Defendant violated §1692f(1) by attempting to collect a debt that is not permitted by law as the Plaintiff was protected by the Automatic Stay, precluding any collection efforts on the subject debt.

34. Defendant attempted to coerce and induce Plaintiff into paying a debt that was not legally owed.

35. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was included in a pending bankruptcy.

36. Defendant knew or should have known that Plaintiff's pre-petition debt was uncollectable as a matter of law.

37. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not collectible by virtue of bankruptcy filings.

WHEREFORE, Plaintiff, Tasha Nicole Johnson, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and statutory damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 28, 2015                                   Respectfully Submitted,

/s/ James J. Haller
James J. Haller -.6226796
William A. Mueller - #06187732
Attorneys for Plaintiff
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000

Penelope N. Bach - 6284659
Attorney for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188